**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMANDA MCVETY, | |
| PLAINTIFF, | 13 Civ. 8149 (GBD) |
| V. | ECF Case |
| PACIFIC GREEN GROUP, LTD., | |
| DEFENDANT, | **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** |
| AND | |
| PACIFIC GREEN TECHNOLOGIES, INC. | **JURY TRIAL DEMANDED** |
| NOMINAL DEFENDANT, | |

Plaintiff Amanda McVety ("Plaintiff"), by her attorney, as and for her complaint herein, respectfully alleges as follows on knowledge as to herself and her own acts and on information and belief as to all other matters:

**NATURE OF ACTION**

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of information, or bad faith is irrelevant and not required. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized in violation of the Act.

3. Congress found Section 16(b)'s sweeping scope to be a necessary prophylactic to deter the misuse of information by the insiders of America's public companies.

4. Defendant Pacific Green Group, Ltd. ("PGGL"), is a 10% owner of nominal defendant Pacific Green Technologies, Inc. (the "Company"), and PGGL profited from purchases and sales of Company stock that occurred within a six-month period. The Statements of Changes in Beneficial Ownership ("Form 4s") that PGGL filed with the United States Securities and Exchange Commission during the relevant time period establish as much.

5. As a result, PGGL has engaged in precisely the conduct that the Act prohibits and it must return to the Company its unlawfully realized profits.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

7. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiff Amanda McVety is an individual residing in Ohio. She is a shareholder of Company.

9. Defendant PGGL is a 10% owner of the Company located at Bison Court, Road Town, Tortola, British Virgin Islands.

10. Nominal Defendant Pacific Green Technologies, Inc., is a Delaware corporation headquartered at 5205 Prospect Road, Suite 135-226, San Jose, CA 95129.

At all times relevant to this Complaint, the common stock of the Company was registered under Section 12 of the Act and was and is traded over-the-counter in the United States.

11. This action is brought in the right and for the benefit of the Company, which is named as a nominal defendant solely in order to have all necessary parties before the Court.

### FACTUAL BACKGROUND

12. As indicated on its Form 4s, PGGL was an insider of the Company at all times relevant to the Complaint.

13. PGGL disposed of Company stock on at least four relevant occasions. On July 22, 2013, PGGL disposed of 37,778 shares of common stock at $4.00 per share. On August 9, 2013, PGGL disposed of 62,600 shares at $3.00 per share. On September 17, 2013, Pacific Green Group disposed of 16,000 shares at $4.00 per share. And, finally, on September 24, 2013, Pacific Green Group disposed of 210,834 shares at $3.00 per share.

14. Then, on August 27, 2013, PGGL acquired 2,237,929 shares of the Company's common stock in exchange for shares of EnviroTechnologies, Inc. PGGL reported its acquisition of the Company's common stock at the "deemed price" of $0.001 per share, realizing a profit.

15. Based upon the share prices reported on its Form 4s, the total short-swing profit realized by PGGL is $1,035,086.79.

16. On September 10, 2013, Plaintiff made a demand upon the Company that it require PGGL to disgorge the short-swing profits. One month later, on October 10, 2013, the Company declined to pursue the claim asserted therein, which is identical to the claim asserted here.

17. Because the Company has declined to pursue this claim, Plaintiff brings the claim on the Company's behalf.

## CAUSE OF ACTION
### For Violations of Section 16(b) of the Securities Exchange Act

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 17, above, as though fully set forth herein.

19. At all relevant times, Plaintiff was a shareholder of the Company.

20. At all relevant times, PGGL was a 10% of the Company.

21. Under Section 16(b), the purchase and sale transactions by PGGL disclosed in PGGL's Form 4s are matchable and yield short-swing profits of at least $1,035,086.79, which must be disgorged to the Company as required by Section 16(b).

22. Plaintiff brought these violations to the Company's attention. The Company has declined to pursue the claim.

23. PGGL may have made additional purchases and sales of the Company's common stock that may have resulted in additional unlawful profits of which Plaintiff is currently aware. Those profits must also be disgorged to the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) requiring Defendant PGGL to account for and pay to the Company the short-swing profits recoverable from it under the Act, together with appropriate pre- and post-judgment interest and costs of this suit;

(b)     awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c)     granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 14, 2013

By: _____
    Joshua L. Seifert
Joshua L. Seifert PLLC
40 Worth Street, 10th Floor
New York, NY 10013
Telephone:   646.527.7366
Email:       jseifert@seifertpllc.com
*Attorney for Amanda McVety*